Judge Ewing-
delivered the Opinion of the Court.
Case sued out a warrant of forcible entry and detainer against Willis and Edward Roberts, and the jury found a verdict, that “they wei’e guilty of the forcible enty or detainer complained of in the warrant.”
The Robefteses immediately traversed the inquisition, and took the case to the Circuit Court. After a trial, and verdict, and new trial awarded, and the removal of the cause to another circuit, by change of venue, the Robertses moved the Court to quash the inquisition: first—because no judgment of restitution was rendered by the justice, and, second—because the verdict was in the alternative.
We think both grounds are untenable, and that the Court erred in quashing the inquisition.
It has often been said-by this court, that verdicts and proceedings in the country, under the statute of forcible entries and detainers should not be strictly scanned. If they were, the statute, which was enacted for beneficial purposes, might almost be rendered a dead letter.
The verdict finds that the defendants are guilty of one or the other offence charged, which implies that they are guilty of either of the offences with-which the warrant charges them, and as the warrant charges them with both, it is tantamount to finding them guilty of both.
But, as the judgment of restitution is precisely the same, and the effect upon the defendants the same, in either alternative; and as the verdict must at any rate, be construed to mean that they are guilty of one or the, other, it can be of no avail to the# defendants which, since their duties and responsibilties are the same ia either event.
*597 Nor do we deem it essential, after a traverse, that a judgment should have been rendered. It is the inquest that may be traversed, and not the judgment on the inquest. And when traversed, and transferred to the Circuit Court, the judgment, if rendered, would be unvailing. Besides, we cannot perceive how the interest of the defendants could be affected ■ by the failure of the justice to render a judgment against them, or upon what principle they could predicate a motion to quash the inquest, because such judgment was not rendered.
Judgment reversed, and cause remanded, that the order quashing the inquisition, may be set aside, and further proceedings had.